IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MISTY WILSON, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) Civil Action No.: |
| VICTORIA FIRE & CASUALTY COMPANY, | ) ) ) ) |
|     Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section, 1441 *et seq.*, Defendant Victoria Fire & Casualty Company (hereinafter "Victoria') files this notice of removal of the above-styled action to the United States District Court for the Northern District of Alabama, Southern Division, and respectfully submits to the Court the following:

1.    This civil action was filed on or about August 12, 2015 in the Circuit Court of Blount County, Alabama and is now pending in said court, bearing civil action number CV-2015-900163. A copy of the summons and complaint was served upon Defendant Victoria on August 14, 2015. A true and correct copy of the summons and complaint is attached hereto as Exhibit A. A complete copy of all pleadings filed to date in the underlying litigation is attached as Exhibit "A."

2.    This case is a civil action within the meaning of the acts of Congress relating to the removal of causes. Defendant has not filed any pleadings or papers in the action in the State Court. However, the time in which to answer or plead to Plaintiff's Complaint has not expired.

3. This action is removable pursuant to 28 U.S.C. Section 1441(a) and (c). This Court has original jurisdiction of the action, as set forth below, there is diversity of citizenship as required by 28 U.S.C. Section 1332.

4. Plaintiff Misty Wilson is alleged to be a resident citizen of the State of Alabama. Defendant Victoria is a company organized and existing under the laws of the State of Ohio and has its principal place of business in Cleveland. Complete diversity exists between the parties. Thus, the controversy in this action is between the Plaintiff (resident citizen of the State of Alabama) and Defendant (resident citizen of the State of Ohio). There has been no change in citizenship of any of the parties of this action since the filing of the Complaint.

5. Plaintiff's Complaint against the Defendant alleges claims for underinsured motorist coverage (Complaint, Count I, p. 6), breach of insurance contract (Complaint, Count II, p. 7) and bad faith in denying the claims of the Plaintiff without determining whether there was a legitimate or arguable reason to refuse to pay the claim (Complaint, Count III, p. 9).

6. In determining whether the requisite amount in controversy exists to support diversity jurisdiction, it is well settled that "the Defendant bears the burden, *albeit the light burden*, of showing that the required money is in controversy. To do so, the Defendant must show only that it does not appear to a legal certainty that the claim is less than the jurisdictional amount." Locklear v. State Farm Mut. Auto Ins. Co., 742 F. Supp. 679, 680 (S.D. Ga. 1989) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)) (emphasis added).

7. It is clear that the Plaintiff's claims for damages will surpass the $75,000.00 jurisdictional minimum, exclusive of costs. Plaintiff's Complaint seeks damages in excess of the jurisdictional amounts: (1) Count I of Plaintiff's Complaint seeks "underinsured motorist benefits in the amount of $25,000.00", (Complaint, Addendum Clause, p. 7); (2) Count II of

Plaintiff's Complaint seeks "incidental and consequential damages including underinsured motorist benefits in the amount of $25,000, exclusive of interest and costs," (Complaint, Addendum Clause, p. 9); and (3) Count III of Plaintiff's Complaint seeks "compensatory damages and punitive damages in amounts to be determined by a struck jury. The matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs," (Complaint, Addendum Clause, p. 10). In order to determine the jurisdictional amount, the court looks to the amount that might be recovered from the aggregate of all the counts in the Complaint. See Nickelson v. Nestles Milk Products Corp., 107 F.2d 17 (5th Cir. 1939). The aggregate of these counts is in excess of $75,000 and thus Defendant has unquestioningly met its burden in this case.

8. As set forth above, diversity of citizenship exists between the real parties of this case, the amount in controversy exceeds $75,000, and accordingly, pursuant to 28 U.S.C. Sections 1332 and 1446, as amended, this action is removable to this Court.

_____
Kori L. Clement (CLEMK5125)
Attorney for Defendant
Victoria Fire & Casualty Company

OF COUNSEL:
HARE & CLEMENT, P.C.
100 Chase Park South
Suite 200
Hoover, Alabama 35244
Phone: 205/322-3040
Email: clem@harelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 10th day of September, 2015 directed a copy of the foregoing by placing same in the United States mail, postage prepaid to the following:

Justin L. Smith, Esquire
Cross and Smith, LLC
907 17th Avenue
Tuscaloosa, Alabama 35401

_____
OF COUNSEL